Deaderiok, J.
delivered the opinion of the Court.
At the December Term, 1860, of this Court, Thomas H. Lewis recovered by motion against Samuel *673 H. Jones, Sheriff of Maury county, and the complainants in this case, who were alleged to be his sureties, a judgment for his failure to return an execution issued to him as such Sheriff on the 23d of February, 1860, and returnable to this Court on the 1st Monday of June thereafter.
The judgment upon which the execution was issued was rendered January 30, 1860, in favor of said Lewis, and against M. H. Mays, S. H. Jones, and N. H. Mays, and was for $1,593.70.
The judgment by motion against said Jones, and the complainants as his sureties, and including damages, was for $1,899.60, of which $1,024.33 was remitted by Lewis, leaving ■ a balance of $875.27 and costs, for which execution was issued, and complainants filed their bill in the Chancery Court at Columbia, enjoining the said Lewis, and Helm, the Coroner, who had the said execution, from collecting it.
The grounds of relief set up in the bill are, that the greater part of .the original judgment had been paid, and that only a small balance was due to said Lewis when the judgment on motion was rendered; that complainants had no notice of the motion, nor of the judgment against them; that the return day of the execution was -the 1st Monday in June, 1860, and that the said Jones’s term of office expired on the - day of May, 1860, some time before the return day of the execution, and that their liability as his sureties ceased with the expiration of his official term. That Jones, the Sheriff, being also one of the defendants in the execution, it could not be legally issued *674 to him, nor would such illegal issuance to him impose any liability upon him for failure to return the process.
The bill further alleges that the judgment against complainants was void, erroneous, wrongful, and unjust, as Jones was not bound to return it after his term expired, and prays for a perpetual injunction.
Upon demurrer the bill was dismissed, and complainants appealed.
We find also a petition filed by complainants, alleging substantially the same facts as stated in their bill, and praying to have the said judgment vacated and set aside, as being void upon its face, and entered through inadvertence and oversight.
It is well settled that a sheriff is not liable to a motion for the non-return of an execution when the return day is after the time of the expiration of his official term.
But the transcript of the judgment, on motion, does not show that the execution was returnable after the expiration of the Sheriff’s term of office. Upon its face the judgment is regular, reciting the facts that the execution came to the hands of the Sheriff, and that as Sheriff he had failed to return it, but there is no recital showing that he was not in fact Sheriff at the time of the alleged default.
Sec. 4501 of the Code authorizes this Court to vacate its own judgment when the same is rendered through inadvertence and oversight, when upon the face of the record no cause of action existed against the party.
*675 By sec. 4502, this Court is authorized, at any term after final judgment, to correct mistakes which are apparent on the face of the record.
In this case no such apparent mistake exists. The facts recited are sufficient to give the Court jurisdiction.
We are of opinion therefore that the judgment can not be corrected or vacated upon the ground that the face of the record discloses that no cause of action existed, or for error upon the face of the record.
Nor did the issuance of the execution to Jones as Sheriff, he being a defendant in the execution, excuse him from making due return of it. He was not bound to receive it, but having received it, he should have returned it.
But the complainants are not precluded from impeaching the decree or judgment of this Court, if they can show that it would be unconscientious and fraudulent to allow the execution of it, and that they, without fault on their part, were prevented from making defense, not having any notice of the pendency of the motion.
If the Sheriff’s term of office had expired before the return day of the execution, which is shown by a copy of his bond exhibited with the bill, complainants were not liable to a motion as his sureties • for non-return of the execution, and the judgment against them was erroneous; and, in the absence of personal service upon them, or its equivalent, was void. And if the defendants in the original execution had paid all but a small balance against them, and the judg *676 ment was taken for much more than was due, it was a fraud.
In the case of Coles v. Anderson, 8 Hum., 491, the drawers of a promissory note appealed from a judgment against them and gave bond, and complainant’s name, he being endorser, was also signed by the attorney to the appeal bond, defendant Anderson becoming surety.
The judgment was affirmed in this Court, and execution levied on complainant’s property. He filed a bill enjoining the sale, upon the ground that he did not appeal, nor authorize the execution of the appeal bond; and he prayed that Anderson, the surety, be held liable before him. The Chancellor gave him relief to the extent of the prayer of his bill, and the decree, on appeal to this Court, was affirmed.
This Court, in affirming the decree, said that the complainant, “in the view of a Court of Chancery, was not a party to the judgment of the Supreme Court, which is sought to be enforced against him. He did not join in the appeal; it was prosecuted without his knowledge or consent; the other defendants had no right or authority by law to include him in the appeal without. his assent; and their doing so was a fraud upon his rights.”
In the case of Van Bibber v. Smith, 1 Swan, 110, the Sheriff filed a bill, enjoining a judgment of the Supreme Court rendered on motion for the non-return of an execution. The defense was that complainant had collected and paid all that was due on the execution but $30, and that, nevertheless, the *677 judgment against him was for $620 and damages and oosts.
The Chancellor granted the relief prayed for, and the defendant appealed to this Court, which said that, the motion being without notice, it was the duty of the plaintiff to see that his ex parte judgment was taken for no more than was justly due to him on the execution, and that if, by concealing payments, he took it for a greater sum, it was a fraud upon the officer, and upon the law which gave the motion; and that it was a fraud to enforce by execution a judgment so unjustly and improperly obtained.
We think the doctrine a sound one; and it extends to, and includes in its spirit and reason, the ease in which judgment is taken against a party who is not liable at all as well as that in which judgment is taken for a greater sum than is due.
It is not unreasonable that a plaintiff taking a judgment by motion without notice should be held guilty of a fraud, if he take it for more than is due, or take it against a party not legally liable to him for any sum.
It would be unjust to deny relief in such a case. We think that complainants should be allowed to show that they were not liable as the sureties of the Sheriff at the time of the alleged default, and also to show what payments should be credited on the judgment.
The decree of the Chancellor dismissing the bill upon demurrer will be reversed, and the cause remanded for answer and further proceedings.